IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.** a/s/o Oxford Greens Association, Inc. | : : : : : | Case No. 3:19-cv-01478-JCH |
| v. | : : | |
| **HARTFORD SPRINKLER CO., INC.** | : : | |
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.** a/s/o Oxford Greens Association, Inc. | : : : : : | Case No. 3:20-cv-00865-JCH |
| v. | : : | |
| **FAIRFIELD COUNTY SPRINKLER CO., INC.** | : : : : | October 2, 2020 |

## MOTION TO CONSOLIDATE

NOW COMES Community Association Underwriters of America a/s/o Oxford Greens Association, Inc., the Plaintiff in the above-captioned actions, and, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, hereby moves to consolidate Case No. 3:19-cv-01478-JCH and Case No. 3:20-cv-00865-JCH for discovery and trial because they involve common questions of law and fact.

1

I. **STANDARD OF REVIEW**

Rule 42(a) of the Federal Rules of Civil Procedure permits a Court to consolidate cases that involve a common question of law or fact. Specifically, Rule 42(a) provides that:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The purpose behind consolidating cases under Rule 42 is to promote trial convenience and judicial economy. *Schacht v. Javits,* 53 F.R.D. 321, 325 (S.D.N.Y. 1971); *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958); *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-497 (1973); *see also Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987) ("Consolidation…is a well-established method of promoting judicial economy and convenience…"). "If the court determines that actions do involve a common question of fact or law, consolidation will usually be allowed unless the opposing party can show prejudice." *Yungk v. Campbell Hausfield/Scott Fetzer Co*. 2007 WL 2100114 (D.Conn. 2007) (citing *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.,* 878 F.2d 5, 8 (1st Cir. 1989).

In general, courts have "broad discretion to determine whether consolidation is appropriate" and "[i]n the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (quoting *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir. 1990)). In determining whether consolidation is appropriate, the court balances the savings to the judicial system against the possible inconvenience, delay, or prejudice to the parties. *Sheet Metal*

*Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Int'l*, 978 F.Supp. 529, 531 (S.D.N.Y. 1997). Consolidation is warranted where it promotes "judicial economy," *Johnson*, 899 F.2d at 1285, and serves to eliminate "the waste associated with duplicative discovery and multiple trials, and the danger of inconsistent verdicts," *Internet Law Library, Inc.,* 208 F.R.D. at 61 (internal citations omitted).

In this instance, consolidating Case No. 3:19-cv-01478-JCH and Case No. 3:20-cv-00865-JCH will promote judicial economy and prevent supplicative discovery and multiple trials.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

Both Case No. 3:19-cv-01478-JCH and Case No. 3:20-cv-00865-JCH were filed by Community Association Underwriters of America a/s/o Oxford Greens Association. The following factual history is identical for both Cases:

1. Both claims stem from water damage to 97 Country Club Drive in Oxford, Connecticut ("Subject Property") on November 21, 2018.
2. Plaintiff asserts that prior to November 21, 208, both Defendants had an agreement with Plaintiff's Insured to monitor, test, inspect, service and/or maintain the Subject Property's sprinkler system.
3. Plaintiff asserts that both Defendants monitored, tested, inspected, serviced and/or maintained the Subject Property's sprinkler system prior to November 21, 2018.
4. Plaintiff asserts that on November 21, 2018, the sprinkler line froze and burst causing substantial water damage to the Subject Property.
5. Plaintiff asserts jurisdiction for both Cases under 28. U.S.C. 1332(a)(1).

3

6. Plaintiff asserts venue is proper in both Cases under 28 U.S.C. 1391(c).

7. Plaintiff asserts identical claims of negligence, breach of contract and breach of warranties against the Defendants.

In addition to the identical factual history, both Cases are at similar procedural postures. Discovery is ongoing in both Cases and both Cases are scheduled for a joint status conference with Judge Merriam to discuss settlement.

III. **ARGUMENT**

Case No. 3:19-cv-01478-JCH and Case No. 3:20-cv-00865-JCH are ideally suited for consolidation because they were initiated by the same Plaintiff and stem from the same water damage loss at the Subject Property. In addition, the allegations against both Defendants stem from each Defendant's agreement to monitor, test, inspect, service and/or maintain the Subject Property's sprinkler system. Lastly, both Cases assert negligence, breach of contract, and breach of warranties claims against the Defendants. To wit, both Cases involve common questions of law and fact for which consolidation is appropriate. See *Bank of Montreal,* 117 F.R.D. at 532 ("considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event"); *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) ("Actions that involve the same parties are apt for consolidation"); *O'Brien v. Grumman Corp.*, 475 F.Supp. 284 (S.D.N.Y. 1979) (consolidating five actions, including third-party claims, that arose from the same accident involving common questions of law and fact concerning product liability, negligence, apportionment, and contractual indemnity); *DeFigueiredo v. Trans World Airlines, Inc.*, 55 F.R.D. 44, 46 (S.D.N.Y. 1971) ("[w]here both suits arise from the same operative facts, and substantially the same witnesses will

testify in both cases, consolidation is particularly appropriate and will serve the purpose of trial convenience and economy in administration.") *citing MacAlister v. Guterma*, 263 F.2d at 68.

IV. **CONCLUSION**

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court consolidate Case No. 3:19-cv-01478-JCH and Case No. 3:20-cv-00865-JCH for discovery and trial.

**THE PLAINTIFF,**

By:    /s/ Derek E. Donnelly ct29481
Derek Donnelly, Esq.
Blackburn & Donnelly, LLC
2 Concorde Way
P.O. Box 608
Windsor Locks, CT  06096
Ph., (860) 292-1116
Fax. (860)-292-1221
dd@sgblackburn.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.** a/s/o Oxford Greens Association, Inc. | : : : : | Case No. 3:19-cv-01478-JCH |
| v. | : : | |
| **HARTFORD SPRINKLER CO., INC.** | : : | |
| **COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC.** a/s/o Oxford Greens Association, Inc. | : : : : : | Case No. 3:20-cv-00865-JCH |
| v. | : : | |
| **FAIRFIELD COUNTY SPRINKLER CO., INC.** | : : : | October 2, 2020 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

6

**Blackburn & Donnelly, LLC**

By: <u>/s/ Derek E. Donnelly ct29481</u>
Derek Donnelly, Esq.
Blackburn & Donnelly, LLC
2 Concorde Way
P.O. Box 608
Windsor Locks, CT  06096
Ph., (860) 292-1116
Fax. (860)-292-1221

dd@sgblackburn.com